**BUCKLEY MADOLE**

Richard P. Haber
Direct Dial: 732-902-5387
rich.haber@buckleymadole.com

April 28, 2017

<u>*Via ECF*</u>
Honorable John K. Sherwood, U.S.B.J
United States Bankruptcy Court
MLK, Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

**Re:    In re James H. Gianninoto
Case No. 14-35883-JKS
Chase's Motion to for Payment of Administrative Expenses (Docket No. 150) and
Trustee's Cross-Motion to Surcharge (Docket No. 159)
<u>Hearing Date: May 2, 2017 at 10:00 am</u>**

Dear Judge Sherwood:

This firm is counsel for JPMorgan Chase Bank, National Association ("Chase") in the above matter. Before the Court is Chase's motion for the allowance and payment of an administrative expense claim for reimbursement of post-petition real estate taxes and hazard insurance in the amount of $21,240.95 ("Chase's Motion"). The Trustee does not dispute that Chase paid this amount in post-petition taxes and insurance, but has opposed the Motion on the grounds that: 1) Chase should only recover half that sum from the Trustee (i.e., $10,620.47); and 2) that payment of that amount should not be made until the Court considers the Trustee's cross-motion to surcharge Chase for attorneys' fees and costs in connection with the sale of the real property at issue (the "Trustee's Cross-Motion"), and until other Estate matters are resolved. Please accept this letter memorandum in lieu of a more formal reply to the Trustee's opposition to Chase's Motion, and in opposition to the Trustee's Cross-Motion.

**<u>Chase's Motion Should be Granted</u>**

The Trustee does not dispute that Chase paid $21,240.95 in post-petition advances. *See* Certification of Michael S. Kopelman ("Kopelman Cert."), ¶ 12. While the Trustee may be entitled to some payment or offset from Mrs. Gianninoto, either directly on behalf of her former one-half ownership of the property, or in her capacity as the surviving spouse of the Debtor (whose exemption has not yet been paid), that has no bearing on Chase's entitlement to full reimbursement out of the Estate for its administrative claim. There is no question that Chase's payment of the post-petition taxes and insurance premiums benefitted the Estate. The Trustee was able to both forego making those payments from an Estate that had no cash, while also being protected from a tax delinquency and potential lien, interest and penalties – all of which would have needed to be

BUCKLEY MADOLE, P.C. | A Professional Corporation Incorporated in the State of Texas

New Jersey Managing Attorneys: Richard P. Haber, Esq. | Anthony J. Risalvato, Esq.

99 WOOD AVENUE SOUTH, SUITE 803, ISELIN, NJ 08830 | P: 732.902.5399 | F: 732.902.5398 | BUCKLEYMADOLE.COM

**BUCKLEY MADOLE**

paid at the September 27, 2016 closing, and ultimately reduced the remaining sales proceeds back to the Estate. By timely paying these carrying costs, Chase essentially made an interest-free loan to the Estate and saved the Trustee money in interest and penalties, thereby providing a benefit to the Estate.

Moreover, it was not a practical option for Chase to only pay half of these expenses as they became due. At the time taxes were due each quarter, paying only half would not have eliminated penalties, interest and the potential for a tax lien. Similarly, paying only half of the hazard insurance policy premium would have resulted in the cancelation of the policy, rather than its renewal. It is clear that the entirety of payments advanced by Chase contributed to the creation of a larger pool of money available for distribution to general unsecured creditors. For that reason, reimbursement of the full extent of post-petition advances through an administrative claim appropriate. *See In re Molnar Bros.*, 200 B.R. 555, 558 (Bankr. D. N.J. 1996) (administrative expense priority is proper for post-petition costs actually and necessarily incurred in preserving the estate for the benefit of creditors). In exercising his rights to sell the non-debtor's interest pursuant to Section 363(h) of the Bankruptcy Code, the Trustee exercised control over the entire property and sold the entire property. Similarly, Chase's reimbursement for administrative expenses should be extended to the whole property.

With respect to items pending in the District Court (Trustee's Letter Brief, p. 3), those proceedings have no bearing on the $21,240.95 sought by Chase through its administrative claim. There is $3,300.00 on deposit with the District Court Clerk, for which the Trustee and Chase have each asserted claims. Judge Cecchi will presumably order distribution either in whole to Chase or the Trustee, or some split between the parties. Irrespective of how that money is divided, it will be paid directly from the funds on deposit with the Clerk. Accordingly, there is no "due to/due from" credit accounting that is required. And, to the extent that money may impact unsecured creditor distributions, that too has no bearing on the payment of Chase's administrative claim. Therefore, resolution of the $3,300.00 is not a pre-requisite for payment to Chase.

Similarly, the Trustee's absurd request to the District Court for sanctions against the undersigned personally has no bearing on Chase's administrative claim. In addition to that request being factually, legally and procedurally improper, it was specifically made pursuant to 28 U.S.C. § 1927 and not under Rule 11. Thus, even if something were to be awarded, it would be payable by me personally, which again has no bearing on Chase's right to reimbursement for its administrative claim.

Finally, as to the timing of the payment, if the Court agrees that Chase should be reimbursed the entire $21,240.95 from the Estate, and that resolution of the other issues raised by the Trustee are immaterial to Chase's administrative claim, there is no reason why payment should be delayed until the final wind-up of the Estate. Accordingly, Chase respectfully requests that payment be required within 10 days of entry of the Order, or some other reasonable time fixed by the Court, that is not dependent on the conclusion of remaining Estate matters.

BUCKLEY MADOLE, P.C. | A Professional Corporation Incorporated in the State of Texas

New Jersey Managing Attorneys: Richard P. Haber, Esq. | Anthony J. Risalvato, Esq.

99 WOOD AVENUE SOUTH, SUITE 803, ISELIN, NJ 08830 | P: 732.902.5399 | F: 732.902.5398 | BUCKLEYMADOLE.COM

**BUCKLEY MADOLE**

**The Trustee's Cross-Motion must be denied**

The Trustee has cross-moved to surcharge Chase, pursuant to 11 U.S.C. § 506(c), for his attorneys' fees and costs incurred to selling the property. Section 506(c) provides:

> The trustee may *recover from property securing an allowed secured claim* the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, including the payment of all ad valorem property taxes with respect to the property.

*Id*. (Emphasis added). The Trustee's Cross-Motion fails based on the plain language of the statute for two reasons. First, the Trustee is not seeking recovery "from [the] property" but rather from Chase. Second, and most important, the property that was sold did not "secur[e] an allowed secured claim." *Id*.

Indeed, the Trustee's position in this matter all along has been that Chase's mortgage interest was unsecured as to the Debtor's Estate, a position the Trustee prevailed upon in the related adversary proceeding. *See Sywilok v. Internal Revenue Service, et al*, Case No. 15-1195 (JKS) (the "Adversary Proceeding"), Opinion and Order filed October 16, 2015 (Docket Nos. 55, 56). Moreover, the Claims Register very plainly demonstrates that the only claim Chase has filed in this matter (other than the present application for reimbursement of post-petition tax and insurance payments) is unsecured. *See* Claims Register, Claim No. 13-1 and Adversary Proceeding, March 15, 2016 Order (Docket No. 100) (deeming Chase "to have filed a timely *unsecured* claim…") (Emphasis added).

The Trustee's attempt to extend Section 506(c) to the facts of this case – where Chase's interest was secured only against the non-debtor spouse's ownership – is not supported by the plain language of the Bankruptcy Code.

> It is the cardinal canon of statutory interpretation that a court must begin with the statutory language. "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then this first canon is also the last: judicial inquiry is complete." *Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253–54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (internal citations and quotations omitted); *see also Price v. Del. State Police Fed. Credit Union,* 370 F.3d 362, 368 (3d Cir.2004) ("We are to begin with the text of a provision and, if its meaning is clear, end there."). Where the statutory language is unambiguous, the court should not consider statutory purpose or legislative history. *See AT&T, Inc. v. F.C.C.,* 582 F.3d 490, 498 (3d Cir.2009).

*In re Philadelphia Newspapers, LLC*, 599 F.3d 298, 304 (3d Cir. 2010), *as amended* (May 7, 2010). Because the property very clearly is/was not "secured by an allowed secured claim" the

BUCKLEY MADOLE, P.C. | A Professional Corporation Incorporated in the State of Texas

New Jersey Managing Attorneys: Richard P. Haber, Esq. | Anthony J. Risalvato, Esq.

99 WOOD AVENUE SOUTH, SUITE 803, ISELIN, NJ 08830 | P: 732.902.5399 | F: 732.902.5398 | BUCKLEYMADOLE.COM

**BUCKLEY MADOLE**

Court should deny the Trustee's Cross-Motion without further inquiry, as Section 506(c) simply does not allow for the relief sought.

While this should end the inquiry into the Trustee's Cross-Motion, we further note the Third Circuit's very narrow view of what qualifies for a Section 506(c) surcharge.

> At the outset, we reject Margolis's argument that the proper inquiry under section 506(c) is "whether [a secured creditor] benefited *or could reasonably* have been expected to benefit from Special Counsel's efforts." (Appellant's Br. 18.) In support of this standard, Margolis cites to a 1980 decision from the Eastern District of Pennsylvania Bankruptcy Court. *See In re Hotel Assocs.,* 6 B.R. 108, 112 (Bankr.E.D.Pa.1980). We have not adopted the standard articulated in *Hotel Associates.* Rather, we have read section 506(c) as requiring "a *direct* benefit to the secured creditors." *C.S. Assocs.,* 29 F.3d at 906.

*In re Towne, Inc.*, 536 Fed. Appx. 265, 268–69 (3d Cir. 2013)

Accordingly, even if the Trustee could get past the statutory bar to the relief he seeks, his application should nevertheless be denied on its merits. The Trustee's proffered justification for a surcharge against Chase simply fails. *See* Kopelman Cert., ¶¶ 19-26. His argument about Chase's stay relief motion early on in the case misses the mark because Chase's request for stay relief to proceed in state court was not to foreclose – it was to complete a previously filed quiet title action to record the mortgage, that would have given Chase a lien on the whole property.

Moreover, assertions by the Trustee's counsel that "[i]t is not unusual for State Court Foreclosure matters to take 6-7 years or more to complete," *see* Kopelman Cert., ¶ 21, and "Chase benefitted from the bankruptcy process because the price obtained by the Trustee was fair market value, whereas the price realized through foreclosure is typically 70% of fair market value at best," *see* Kopelman Cert., ¶ 26, are mere conclusions not based in fact. These anecdotal statements of Mr. Kopelman's opinion – which, frankly, are inaccurate – are a far cry from establishing the "*direct* benefit" required pursuant to Third Circuit law. *See*, *Towne*, supra.

Finally, the Trustee should be precluded from such relief because it was never raised or preserved in connection with the motion to approve to the sale, or at any time prior to the filing of this cross-motion. It is now more than six months after the property was sold, and it is patently unfair for the Trustee to seek an eleventh hour surcharge because administration of the case has been more expensive than he originally contemplated.

BUCKLEY MADOLE, P.C. | A Professional Corporation Incorporated in the State of Texas

New Jersey Managing Attorneys: Richard P. Haber, Esq. | Anthony J. Risalvato, Esq.

99 WOOD AVENUE SOUTH, SUITE 803, ISELIN, NJ 08830 | P: 732.902.5399 | F: 732.902.5398 | BUCKLEYMADOLE.COM

**BUCKLEY MADOLE**

For all of the foregoing reasons, Chase respectfully requests that its Motion be granted and that the Trustee's Cross-Motion be denied.

Very truly yours,<br>
Buckley Madole, P.C.

*/s/ Richard P. Haber*<br>
Richard P. Haber

cc:    All counsel via ECF
       Wendy P. Gianninoto (via email)

BUCKLEY MADOLE, P.C. | A Professional Corporation Incorporated in the State of Texas

New Jersey Managing Attorneys: Richard P. Haber, Esq. | Anthony J. Risalvato, Esq.

99 WOOD AVENUE SOUTH, SUITE 803, ISELIN, NJ 08830 | P: 732.902.5399 | F: 732.902.5398 | BUCKLEYMADOLE.COM