**KOPELMAN & KOPELMAN LLP**
*A PARTNERSHIP FOR THE PRACTICE OF LAW*
55 MAIN STREET
HACKENSACK, NEW JERSEY 07601-7001
TELEPHONE (201) 489-5500
TELECOPIER (201) 489-7755
E-MAIL kopelaw@kopelmannj.com

MICHAEL S. KOPELMAN
   MEMBER NJ AND NY BARS
CAROL WEINFLASH KOPELMAN
   MEMBER NJ BAR

NEW YORK OFFICE
ONE PENN PLAZA, SUITE 2414
NEW YORK, NEW YORK 10119
(212) 629-0733

April 30, 2017

***VIA Notice of Electronic Filing***
Honorable John K. Sherwood, U.S.B.J.
United States Bankruptcy Court
50 Walnut Street, Third Floor
Courtroom 3D
Newark, New Jersey 07102

**Re: Sywilok v. Internal Revenue Service, et al., Adv. Proc. No. 15-1195-JKS**
    **Main Case: In re James H. Gianninoto, Case No. 14-35883**

Dear Judge Sherwood:

    I represent the Chapter 7 Trustee, John W. Sywilok herein.

    At 7:02 p.m. on April 28, 2017 JPMorgan Chase Bank, National Association ("Chase") filed its memorandum in opposition to the Trustee's cross-motion to fix the amount of an allowed provisional administrative claim on behalf of JPMorgan Chase Bank, National Association ("Chase") in the amount of $10,620.47 and to withhold payment of said claim until the Trustee's claim against Chase pursuant to 11 U.S.C. Section 506 (c) is determined and all administrative claims of the estate determined by further orders of the court and the bankruptcy estate wound up, filed on April 11, 2017.  Chase mischaracterizes the Trustee's cross-motion as "Trustee's cross-motion to surcharge".  It is not.  The Trustee intends to file a motion to surcharge Chase based on the sale of the Gianninoto's residence in the future.  But that is not this cross-motion.  All the Trustee seeks is to delay payment of Chase's allowed provisional administrative claim until such time as a motion to be filed by the Trustee is heard and determined by the Court and the estate is otherwise wound up.  The cross-motion was not to fix the Trustee's 506(c) claim, just to delay payment of Chase's allowed administrative claim.

Chase argues that Chase's payment of post-petition taxes protected the estate from a potential tax lien, interest and penalties. What Chase overlooks is that if Chase did not pay the post-petition taxes, it is doubtful that there would have been a sale by the municipality of a tax lien certificate and that the accrual of interest and penalties would have been relatively minor. If the taxes had to be paid out of the closing proceeds the estate would have split that expense equally (50/50) with Chase under Your Honor's sale order of June 28, 2016. In other words, the estate would have been better off if Chase had not paid the post-petition taxes compared to now where Chase is not recognizing that its administrative claim should be limited to half the taxes paid but instead wants reimbursement of 100% of the taxes it paid. If Chase had not paid the post-petition taxes there would have been a net gain for the Trustee as representative of the estate compared to the estate's treatment Chase wants the Court to order.

There was no transaction or agreement between Chase and the Trustee. There are no loan documents between Chase and the Trustee. There was no "loan", interest free or otherwise. In paying the post-petition taxes Chase acted at its peril that this Court might ultimately hold that Chase is entitled to reimbursement of only half of the taxes it paid.

Chase cites *In re Molnar Bros*. 200 B.R. 555, 558 (Bankr. D. N.J. 1996) in support of its position. *Molnar* is inapposite. In *Molnar*, a chapter 12 debtor had entered into a contract with a seed and fertilizer supplier. Here, as noted, there was no contract. Chase unilaterally acted in what it perceived to be its best interest. There is no hardship if the Court holds that Chase is only entitled to reimbursement of half the taxes it paid. After all, Chase was aware of the litigation between the parties when it made most, if not all, of its advances. It knew that the Trustee's position was that Chase was only entitled to half the proceeds of sale. At no time did Chase make its intentions known or move for relief against the Trustee regarding its outlay for taxes until now, months after the closing occurred.

With respect to Chase's comment that the Trustee's "absurd" application for sanctions against Mr. Haber personally pursuant to 28 USC §1927 in the District Court is "factually, legally and procedurally improper". I can only say that I disagree. I only mentioned the District Court matter as an example to show why the estate is not ready to be wound up. In passing, I note that it is beyond petty that Chase chose to litigate regarding the disposition of the $3,300 the Gianninoto's posted with the District Court Clerk as a condition for a limited stay pending appeal when Chase is not even a proper party to the appeal.

Chase states that there is no reason why payment to it of its administrative claim should be delayed. But there is. Trustee's contemplated motion for a §506 (c) surcharge against Chase has not been filed or decided yet. Furthermore, the estate

2

may be administratively insolvent and Chase's claim should not be paid until all administrative claims are determined as there may only be a *pro rata* distribution to this class of creditors and Chase is not entitled to priority.

Mr. Haber states at page 3 of his letter memorandum that: "The Trustee has cross-moved to surcharge Chase, pursuant to 11 U.S.C. §506(c) for his attorneys' fees and costs incurred to [sic—in] selling the property. "But, as noted above, the Trustee has not done so yet.

Chase's position in the Adversary Proceeding was that it had a secured claim on debtor's interest in his residence by virtue of filed state Notices of Settlement, which position was rejected by your Honor. On the other hand, Your Honor ruled that Chase had a secured claim on Mrs. Gianninoto's interest in the property. Thus the property at issue here is a hybrid, and thus this is a case of first impression as to whether or not a surcharge under §506(c) is appropriate. It cannot be denied that the Trustee's claim for recovery of his §506(c) claim arises from the sale of the *property* as a whole in which Chase has a secured claim in half. Chase received a direct benefit from the Trustee's efforts because without a bankruptcy sale Chase's inchoate claim against Mrs. Gianninoto would not have been reduced to cash and its ability to foreclose against her interest alone outside of bankruptcy was worthless as contrasted with Chase's receipt of $322,525 at the closing which took place on September 27, 2016.

Mr. Haber's criticism regarding my allegedly inaccurate "anecdotal statements" regarding recoveries through State Court foreclosure can be cured by submission of an expert's certification at the time the Trustee brings his contemplated motion pursuant to 11 U.S.C. §506(c).

Chase's comments regarding the failure of the Trustee to raise the issues previously is equally true of Chase who do not make its intentions for full reimbursement of its payment of taxes known "until six months after the property was sold" either.

The Court will note that Chase's counsel copied Mrs. Gianninoto with its submission. It is clear that Mrs. Gianninoto has an interest in the outcome of the instant motion and cross-motion in that it has an impact on the yet undecided matter regarding the debtor's exemption claim, the Gianninoto's failing to pay the post-petition taxes and insurance premium payments and whether or not these two obligations can be set off against each other.

For this reason the Trustee is respectfully requesting that oral argument on the instant motion and cross-motion not go forward on May 2, 2017 at 10:00 a.m. as scheduled. Rather, the Trustee respectfully requests that the Court adjourn the motion

argument to a different date and time and in the interim schedule an in-court settlement conference with all interested parties in attendance; namely, Mrs. Gianninoto, Mr. Haber, and myself, to see if all parties can reach on amicable resolution of their claims. I will be calling your law clerk Monday morning to ascertain whether or not the Trustee's request made herein has been granted.

Respectfully submitted,

KOPELMAN & KOPELMAN LLP

*/s/ Michael S. Kopelman*

Michael S. Kopelman
MSK/es

cc: By ECF: Richard P. Haber, Esq. John W. Sywilok, Trustee,
    Wendy P Gianninoto, Esq. by first class mail and e-mail.