BUCKLEY MADOLE, P.C.
Richard P. Haber, Esq.
99 Wood Avenue South, Suite 803
Iselin, New Jersey 08830
Telephone: 732-902-5399
Facsimile: 732-902-5398
rich.haber@buckleymadole.com
*Counsel for JPMorgan Chase Bank, National Association*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 7 |
| JAMES H. GIANNINOTO aka JAMES H. GIANNINOTO aka JAMES HALL GIANNINOTO, | Case No. 14-35883-JKS |
| | Judge: John K. Sherwood |
| Debtor. | |

**OBJECTION TO APPLICATION FOR RETENTION OF PROFESSIONAL
GARY K. NORGAARD, ESQ. AS EXPERT WITNESS**

Creditor, JPMorgan Chase Bank, National Association, by and through its undersigned counsel, hereby objects to the proposed retention of Gary K. Norgaard, Esq., as an expert for "his expertise in State Court foreclosure matters as it relates to bankruptcy proceedings" (Docket No. 164) for the following reasons:

1. There are no presently pending proceedings before the Court for which expert testimony is permitted or required. The Trustee stated in his papers filed on April 30, 2017 (Docket No. 163) that his pending cross-motion against Chase is not itself a "cross-motion to surcharge" but that he "intends to file a motion to surcharge Chase based on the sale of the Gianninoto's [sic] residence in the future." *Id*. The Trustee has stated an intent to make a claim against Chase under 11 U.S.C. § 506(c) (Docket Nos. 159 and 163), but such a claim is legally impermissible for the reasons

stated in Chase's April 28, 2017 filing. (Docket No. 162). Because the Court has not yet ruled on the pending cross-motions, and the Trustee's intended section 506(c) motion has not yet been filed, consideration of whether expert testimony is necessary is premature at best.

2. The Trustee has indicated that the Estate may be administratively insolvent. (Docket No. 163, pp. 2-3). Presumably this is based in large part on legal fees the Trustee intends to seek for effecting the sale of the Gianninotos' property, which his counsel has "estimated to be upwards of $100,000…subject to Court approval." *See* Certification of Michael S. Kopelman filed April 11, 2017 (Docket No. 159-1), § 24. In addition to the general outrageousness of that number, the Trustee's improvident pursuit of a section 506(c) motion when that Code section so very clearly does not apply to this case – section 506(c) applies only in connection with "property securing an allowed secured claim" but in this case, Chase is/was not the holder of an allowed secured claim with the respect to the debtor's property – is only going to serve to increase his legal fees. Moreover, any fees paid to the proposed expert in pursuit of the legally impermissible 506(c) claim will further dilute potential distributions to unsecured creditors, and Chase is by far the largest unsecured creditor of the Estate. Thus, any sums paid to the proposed expert will directly reduce distribution to Chase. It is wildly circular and inherently unfair to use money that would otherwise be distributed to Chase (pro rata) to pay an expert in furtherance of a meritless attempt to surcharge Chase for the Trustee's exorbitant legal fees.

3. Substantively, there is no rational basis for an expert "in State Court foreclosure matters as it relates to bankruptcy proceedings." The Gianninoto loan was not in foreclosure pre-petition, and was less than thirty (30) days delinquent when this Chapter 7 case was filed. As Chase has recently reminded the Trustee, the stay relief motion that Chase filed early in the case was to go back to State Court and complete the previously filed quiet title action to record the mortgage, that would have given Chase a lien on the whole property. (Docket No. 162, p.4). The issues between Chase,

the Trustee and the Gianninotos were never about a loan delinquency or foreclosure. As a result, testimony from an expert witness as to the interplay between State Court foreclosures and bankruptcy matters are not material to these proceedings. There is no justification for the Trustee to further generate administrative fees for the Estate to which the Trustee owes a fiduciary duty.

4. The arguments made by Chase herein are without prejudice to its right to make any further arguments against the retention of any expert, generally, or as to Mr. Norgaard's qualifications, specifically. Should the Court overrule Chase's various objections and allow for the retention of an expert for the purpose proposed, Chase reserves all rights to challenge the qualifications and/or anticipated testimony of Mr. Norgaard or any other potential expert.

5. For these reasons, it is clear there is no need for the proposed expert in this case, and the Trustee's request should be denied.

BUCKLEY MADOLE, P.C
*Attorneys for JPMorgan Chase Bank, National Association*

Dated: June 1, 2017      By:     /s/ *Richard P. Haber*
                                        Richard P. Haber