**KOPELMAN & KOPELMAN LLP**
*A PARTNERSHIP FOR THE PRACTICE OF LAW*
55 MAIN STREET
HACKENSACK, NEW JERSEY 07601-7001
TELEPHONE (201) 489-5500
TELECOPIER (201) 489-7755
E-MAIL kopelaw@kopelmannj.com

MICHAEL S. KOPELMAN
   MEMBER NJ AND NY BARS
CAROL WEINFLASH KOPELMAN
   MEMBER NJ BAR

NEW YORK OFFICE
ONE PENN PLAZA, SUITE 2414
NEW YORK, NEW YORK 10119
(212) 629-0733

June 6, 2017

*<u>VIA Notice of Electronic Filing</u>*
Honorable John K. Sherwood, U.S.B.J.
United States Bankruptcy Court
50 Walnut Street, Third Floor
Courtroom 3D
Newark, New Jersey 07102

**Re: In re James H. Gianninoto, Case No. 14-35883**
    **Oral Argument scheduled: July 18, 2017 at 10:00 a.m.**

Dear Judge Sherwood:

    I represent the Chapter 7 Trustee, John W. Sywilok herein.

    Upon reflection, a clarification to my letter to Your Honor dated June 5, 2017 is in order.

    In Your Honor's opinion filed October 16, 2015 in Adv. Proc. No. 15-01195 (JKS) John W. Sywilok, plaintiff v. Internal Revenue Service et als., Your Honor held that Chase did not have a secured interest in the Debtor's property located at 19 Glenwood Road, Upper Saddle River, New Jersey 07458 because it failed to record its mortgage prior to the filing of the Debtor's petition.  Accordingly, the Trustee was able to avoid Chase's mortgage with respect to the Debtor's interest in the property pursuant to 11 U.S.C. § 544.  In a later opinion, Your Honor ruled that Chase's unrecorded mortgage was enforceable against Mrs. Gianninoto, who was not in bankruptcy, because she signed it and had no valid defenses that precluded enforcement of it against her interest in the property.  Thus, Chase had no secured

claim against Mr. Gianninoto's interest in the property but did have a secured claim against Mrs. Gianninoto's interest in the property.

In approving the sale of the Gianninotos' property by the Trustee, this Court found that the sale of the estate's undivided interest in the property would realize significantly less for the estate than a sale of the property free of the interest of the co-owner. 11 U.S.C. § 363 (h)(2).

Under a § 363 (h) sale, the property sold consists of estate and non-estate property. § 506 (c) does not specifically state that the property securing an allowed secured claim must be estate property. It furthers the interest and purpose of § 363 (h) to allow a § 506 (c) surcharge on non-estate property where appropriate. This is such a case. Without the Trustee's counsel's efforts, Chase would have realized nothing. Chase should not be allowed to escape § 506 (c) liability merely because it did not hold an allowed secured claim on Mr. Gianninoto's share of the closing proceeds. As this Court held, Chase did hold an allowed secured claim on Mrs. Gianninoto's share of the closing proceeds. Chase would be unjustly enriched if this Court does not extend § 506 (c)'s reach to Mrs. Gianninoto's share of the closing proceeds. Read in conjunction, § 363 (h) and § 506 (c) authorize a surcharge on non-estate property if the Trustee's costs and expenses of disposing of the property as a whole benefited the secured party.

Respectfully submitted,

KOPELMAN & KOPELMAN LLP

*/s/ Michael S. Kopelman*

Michael S. Kopelman
MSK/es

cc:  By ECF: Richard P. Haber, Esq. John W. Sywilok, Trustee,
Wendy P Gianninoto by first class mail and e-mail.